UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALFRED SMITH,

        Plaintiff,

  - against -

P.O. JOSEPH DeGIROLAMO, Shield No. 06632,
SGT. "JANE DOE," and THE CITY OF NEW YORK,

        Defendants.
-------------------------------------------------------------------------X

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, ALFRED SMITH, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for malicious prosecution.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, ALFRED SMITH, was and is a natural person, presently resident in the County of Kings, City and State of New York.

8. At all times relevant hereto, defendant P.O. JOSEPH DeGIROLAMO, Shield No. 06632 (hereinafter "DeGIROLAMO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant SGT. "JANE DOE" (hereinafter "DOE") was and is a natural person, employed as a sergeant by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

11. The individual defendants are sued in their individual capacities.

12. On or about September 21, 2016, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

13. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

14. This action is commenced within one year and ninety days from the date the supplemental claim herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>AGAINST DEFENDANTS DeGIROLAMO and DOE</u>
## (42 U.S.C. §1983)

15. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "14" hereinabove as if more fully set forth at length herein.

16. On or about February 10, 2016, at approximately 3:00 P.M., plaintiff was lawfully operating a motor vehicle on 196th Street in the County of Queens, City and State of New York.

17. At the aforementioned time and place, plaintiff had two male passengers in the aforementioned motor vehicle.

18. Plaintiff and his two passengers are African-American males.

19. At the aforementioned time and place, plaintiff signaled for a turn and commenced making a turn onto Jamaica Avenue.

20. Immediately upon making the turn, plaintiff's vehicle was pulled over by an unmarked New York City Police Department motor vehicle.

21. Three New York City police officers, including defendant DeGIROLAMO, exited the Police Department motor vehicle and approached the vehicle plaintiff was operating.

22. Defendant DeGIROLAMO requested plaintiff's license and the vehicle's registration.

23. Plaintiff complied with defendant DeGIROLAMO's request.

24. Defendant DeGIROLAMO ordered plaintiff to step outside of the vehicle.

25. Plaintiff complied with defendant DeGIROLAMO's order.

26. Defendant DeGIROLAMO told plaintiff to put his cell phone and his wallet on the roof of the vehicle.

27. Plaintiff did as he was told.

28. Defendant DeGIROLAMO proceeded to go through plaintiff's pockets, finding nothing therein.

29. Defendant DeGIROLAMO ordered plaintiff to step to the back of the motor vehicle and to face away from it.

30. Defendant DeGIROLAMO proceeded to search the inside of plaintiff's vehicle.

31. Defendant DeGIROLAMO examined the contents of plaintiff's wallet.

32. Inside plaintiff's wallet, defendant DeGIROLAMO found a Pennsylvania driver's license that belonged to one of plaintiff's passengers.

33. Plaintiff informed defendant DeGIROLAMO that, on the previous evening, he and the aforementioned passenger had visited a licensed premises together and that, because his friend was wearing pants that did not have pockets, he had asked plaintiff to hold his identification for him. At the end of the evening, plaintiff had forgotten to return his friend's identification to him.

34. Upon information and belief, the aforementioned Pennsylvania operator's license had a photograph of plaintiff's friend on it. However, the name on the license was not the same as the name that plaintiff's friend had given to the police officers who had just stopped plaintiff's vehicle.

35. Plaintiff informed defendant DeGIROLAMO as to the reason that he was holding his friend's license. Moreover, plaintiff's friend supported plaintiff's account to defendant DeGIROLAMO.

36. Another unmarked New York City Police Department motor vehicle arrived at the scene.

37. The passenger in the aforementioned vehicle was defendant DOE.

38. Defendant DOE and her driver proceeded to search plaintiff's vehicle a second time.

39. Defendant DOE ordered defendant DeGIROLAMO to place plaintiff under arrest.

40. Plaintiff was transported to the station house of the 103rd Precinct and was later transported to Queens Central Booking.

41. Plaintiff appeared before a Judge of the Criminal Court of the City of New York, County of Queens on February 11, 2016.

42. Plaintiff was falsely and maliciously charged, on the complaint of defendant DeGIROLAMO, with criminal possession of a forged instrument in the second degree, a D felony; and with failing to signal when making a turn at an intersection; a violation of the Vehicle and Traffic Law.

43. The charge of possession of a false instrument was predicated upon defendant DeGIROLAMO's opinion that plaintiff's friend's Pennsylvania driver's license was not genuine.

44. Bail of $3,000.00 was set on plaintiff, causing him to be held in the custody of the New York City Department of Correction until on or about February 14, 2016.

45.     Plaintiff appeared in court on the aforementioned charges on four separate occasions.

46.     The charges against plaintiff were dismissed and sealed, upon information and belief on the motion of the Queens County District Attorney, on June 28, 2016.

47.     Defendants DeGIROLAMO and DOE violated plaintiff's rights to be arrested and prosecuted only with probable cause and without malice, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, they, without any cause or provocation whatsoever, falsely arrested and imprisoned him, and maliciously prosecuted him .

48.     Because of the aforementioned acts committed by defendants DeGIROLAMO and DOE, plaintiff suffered a deprivation of his liberty; a deprivation of his rights to be arrested, imprisoned and prosecuted only with probable cause, and without malice; and, as a result, suffered and continues to suffer emotional distress, and suffered a loss of his employment and the income therefrom.

49.     By reason of the unconstitutional and illegal actions taken against him by the individual defendants, while they were acting under the color of state law, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT DeGIROLAMO
## and THE CITY OF NEW YORK
### (Malicious Prosecution)

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "49" hereinabove as if more fully set forth at length herein.

51. On or about February 11, 2016, in Criminal Court of the City of New York, County of Queens, defendant DeGIROLAMO maliciously caused a criminal prosecution to be commenced against plaintiff by his act of falsely and maliciously charging him with having committed the crime of criminal possession of a forged instrument in the second degree, a D felony; and of unlawfully making a turn at an intersection without signaling, a violation of the Vehicle and Traffic Law.

52. Defendant DeGIROLAMO was without probable cause to charge plaintiff with having committed the aforementioned felony and Vehicle and Traffic Law violation.

53. On or about June 28, 2016, the charges against plaintiff were dismissed in their entirety and sealed by a Judge of the Criminal Court of the City of New York, County of Queens.

54. At the time that defendant DeGIROLAMO falsely and maliciously caused the aforementioned prosecution to be commenced against plaintiff, he was acting within the scope of his employment by defendant CITY OF NEW YORK.

55. By reason of the prosecution maliciously commenced against plaintiff by defendant DeGIROLAMO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff was deprived of his liberty, was incarcerated in the station house of the 103rd Precinct, Queens Central Booking and the Otis

Bantum Correctional Center on Rikers Island for a total of four days, was compelled to defend himself in a criminal proceeding, and lost his employment and the income derived therefrom.

56. By reason of the prosecution maliciously commenced against plaintiff by defendant DeGIROLAMO, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DeGIROLAMO.

WHEREFORE, plaintiff, ALFRED SMITH, demands judgment against defendants P.O. JOSEPH DeGIROLAMO, Shield No. 06632, SGT. "JANE DOE," and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants DeGIROLAMO and DOE; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendant DeGIROLAMO.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      September 20, 2017

_____
ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2373