UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

ALFRED SMITH,

                                        Plaintiff,

                    -against-

P.O. JOSEPH DeGIROLAMO, Shield No. '06632'
SGT. "JANE DOE," and THE CITY OF NEW YORK,

                                        Defendants.

------------------------------------------------------------------------------- x

**DEFENDANTS CITY AND DEGIROLAMO'S ANSWER TO THE COMPLAINT**

17-CV-5532 (KAM) (ST)

**JURY TRIAL DEMANDED**

        Defendants City of New York and Officer Joseph DeGirolamo, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action and seek damages and fees as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.      Deny  the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

        5.      Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

- 2 -

6.      States that paragraph "6" of the Complaint is a demand for a trial by jury to which no response is required.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that, on February 10, 2016, Joseph DeGirolamo was employed as a Police Officer in the New York City Police Department ("NYPD").

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint as they pertain to an unidentified defendant.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiff purports to proceed in this action as stated therein.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 21, 2016.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that the City of New York has not made any payment to plaintiff related to the instant claim.

14.     Deny the allegations set forth in paragraph "14" of the Complaint.

- 3 -

15.     In response to the allegations set forth in paragraph "15" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that plaintiff was pulled over in Queens County on February 10, 2016.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that defendant DeGirolamo approached the vehicle that plaintiff was operating.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Complaint.

26.     Deny the allegations set forth in paragraph "26" of the Complaint.

27.     Deny the allegations set forth in paragraph "27" of the Complaint.

28.     Deny the allegations set forth in paragraph "28" of the Complaint.

29.     Deny the allegations set forth in paragraph "29" of the Complaint.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that plaintiff was in possession of a forged Pennsylvania driver's license on February 10, 2016.

33.     Deny the allegations set forth in paragraph "33" of the Complaint.

34.     Deny the allegations set forth in paragraph "34" of the Complaint, except admit that the forged Pennsylvania driver's license recovered from plaintiff did not have plaintiff's name or picture on it.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint, except admit that a second NYPD vehicle arrived at the scene.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint as they pertain to an unidentified defendant.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint as they pertain to an unidentified defendant.

39.     Deny the allegations set forth in paragraph "39" of the Complaint, except admit that plaintiff was lawfully arrested on February 10, 2016.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that plaintiff was transported to the 103rd precinct and was later transported to Queens Central Booking.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except state that allegations concerning the defendants "acting under color of law" are legal conclusions to which no response is required.

48.     Deny the allegations set forth in paragraph "48" of the Complaint.

49.     Deny the allegations set forth in paragraph "49" of the Complaint, except admit that plaintiff purports to seek damages as stated therein, and further state that allegations concerning the defendants "acting under color of law" are legal conclusions to which no response is required.

50.     In response to the allegations set forth in paragraph "50" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

51.     Deny the allegations set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint.

- 6 -

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, except state that the allegations concerning the defendant "acting under the scope of his employment" are legal conclusions to which no response is required.

55.     Deny the allegations set forth in paragraph "55" of the Complaint, except state that the allegations concerning the defendant "acting within the scope of his employment" are legal conclusions to which no response is required.

56.     Deny the allegations set forth in paragraph "56" of the Complaint, except state that the allegations concerning the defendant "acting within the scope of his employment" are legal conclusions to which no response is required.

57.     Deny the allegations set forth in the unnumbered conclusory paragraphs of the Complaint, except admit that plaintiff purports to proceed as stated therein.

## FIRST AFFIRMATIVE DEFENSE

58.     The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

59.     Defendant City and DeGirolamo have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any Act of Congress providing for the protection of civil rights.

**THIRD AFFIRMATIVE DEFENSE**

60.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants City or DeGirolamo.

**FOURTH AFFIRMATIVE DEFENSE**

61.     Punitive damages cannot be assessed against defendant City of New York.

**FIFTH AFFIRMATIVE DEFENSE**

62.     To the extent plaintiff alleges State law claims, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), et seq.

**SIXTH AFFIRMATIVE DEFENSE**

63.     At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

**SEVENTH AFFIRMATIVE DEFENSE**

64.     Plaintiff has failed to state a viable Monell claim under Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978).

**EIGHTH AFFIRMATIVE DEFENSE**

65.     Plaintiff has failed to mitigate his alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

66.     Plaintiff's claims are barred, in part, by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

67.     There was probable cause for plaintiff's arrest and/or detention.

## ELEVENTH AFFIRMATIVE DEFENSE

68.     Defendant DeGirolamo has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## TWELFTH AFFIRMATIVE DEFENSE

69.     At all times relevant to the acts alleged in the complaint, defendant DeGirolamo acted reasonably in the proper and lawful exercise of his discretion.

## THIRTEENTH AFFIRMATIVE DEFENSE

70.     There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

**WHEREFORE,** defendants City of New York and Officer Joseph DeGirolamo demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

March 15, 2018
New York, New York

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City and DeGirolamo*
100 Church Street
New York, New York 10007
(212) 356-2658

By:            /s/
      Maria Fernanda DeCastro
      *Assistant Corporation Counsel*

- 9 -

**<u>BY ECF</u>**
Alan D. Levine, Esq.
*Attorney for Plaintiff*
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
Phone (718) 793-6363
Fax (718) 261-0317